## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WILLIAM KOCH,** | : | **Civil No. 4:16-CV-1554** |
| | : | |
| **Plaintiff,** | : | **(Judge Brann)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **EXECUTIVE OFFICE OF** | : | |
| **UNITED STATES ATTORNEYS** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In this case, the plaintiff, Michael William Koch, a federal prisoner, seeks to use a venerable form of common law relief, a writ of mandamus, to compel the United States Department of Justice to comply with Freedom of Information Act (FOIA) requests which he alleges he served upon that agency on or about June 16, 2016. (Doc. 1.)  Koch seeks to use the Court's mandamus jurisdiction to compel FOIA compliance from the Department  of Justice even though he himself has not fully complied with FOIA by exhausting his administrative appeals before proceeding into federal court.  Moreover, Koch makes this request against the backdrop of a criminal prosecution of the petitioner in the United States District Court for the Western

1

District of Washington, a prosecution which arose out of Koch's involvement in the December 19, 2003, murder of Tawnya Levone, on the Hoh Indian Reservation, in Western Washington state.  Koch was subsequently charged with this murder, and pleaded guilty to this offense pursuant to the terms of a written plea agreement in the United States District Court for the Western District of Washington.  Koch was then sentenced to 240 months imprisonment on this guilty plea in August of 2005.

Along with this mandamus complaint the plaintiff filed a motion for leave to proceed *in forma pauperis*.  (Doc. 2.)  We will grant this motion for leave to proceed *in forma pauperis*, (Doc. 2.), but having carefully reviewed this complaint, we conclude that the pleading fails on multiple scores to state a claim upon which the extraordinary relief of a writ of mandamus can be granted.  Accordingly, for the reasons set forth below, it is recommended that the complaint either be dismissed, or transferred to the Western District of Washington for further proceedings.

## II.   Discussion

### A.   Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  In addition, this Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against

government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Specifically, the Court must assess whether an inmate *pro se, in forma pauperis* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted.  This statutory text mirrors the language of Rule 12(b)(6) of the Federal

Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not

alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the . . .  well-pleaded facts as true, but may disregard any legal conclusions.  Second, a district court must then determine whether the facts alleged . . .  are sufficient to  show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the p[arty's] entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Koch's petition for writ of mandamus fails as a matter of law and should be dismissed, or transferred to the United States District Court for the Western District of Washington.

### B.   Koch Is Not Entitled to Mandamus Relief

At the outset, it appears that Koch is not entitled to mandamus relief.  A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty.  The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions, are extraordinary forms of relief, which must comply with demanding legal standards.  Thus, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.' "  In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)).  Therefore, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

8

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006).  Consequently:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361).  See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F.App'x. 180, 181(3d Cir.  2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95(1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991).  Mandamus is available only if:  "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart,

292 F.3d 781, 784 (D.C.Cir.2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

Judged by these clear and clearly compelling, legal standards, Koch's petition for writ of mandamus fails at its merits for at least three reasons.

First, to the extent that Koch seeks to mandamus the Department of Justice, in the past petitioners like Koch have frequently turned to the writ of mandamus to try to compel components of the United States Department of Justice to take some specific action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin v. Doe, 349 F.App'x 689 (3d Cir. 2009)(denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir.2008) (denying

federal inmate mandamus request for law book); <u>Ararat v. District Director, ICE</u>, 176 F.App'x. 343 (3d Cir. 2006)(denying prisoner mandamus request to remove detainer); <u>Beckley v. Miner</u>, 125 F.App'x 385 (2d Cir. 2005)(denying mandamus request for prison transfer); <u>Leonhard v. Mitchell</u>, 473 F.2d 709 (2d Cir. 1973)(denying mandamus request for disclosure of whereabouts of witness protection program witness); <u>Sloan v. Troung</u>, 573 F.Supp.2d 823 (S.D.N.Y. 2008)(denying mandamus request for Department of Justice to intervene in Chess Board election); <u>Saini v. Heinauer</u>, 552 F.Supp.2d 974 (D.Neb. 2008)(denying mandamus request to order FBI to expedite fingerprint processing of petitioner, an applicant for naturalization); <u>Carson v. U.S. Office of Special Counsel</u>, 534 F.Supp.2d 103,105 (D.D.C.2008) (denying mandamus petition to compel the Office of Special Counsel to prepare and produce a report). These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus to the work of the Department of Justice, all recognize that the work of the Department of Justice routinely entails the exercise of discretion by government officials. Since the decisions made by Department of Justice officials often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," <u>Stanley v. Hogsten</u> 277 F.App'x. at 181, that mandamus may lie compelling some specific form of governmental action.

Second, Koch's petition ignores the fact that disclosure decisions under FOIA necessarily involve the exercise of judgment and discretion as that a federal agency determines whether specific records are exempt from disclosure.  Therefore, FOIA decisions simply do not fall within the range of plainly non-discretionary duties which are the subject of mandamus proceedings.  For these reasons, courts have repeatedly rebuffed efforts to use mandamus petitions to compel favorable action on FOIA requests.  See e.g., Willaman v. Erie Bureau of Alcohol Tobacco Firearms & Explosives, 620 F. App'x 88, 90 (3d Cir. 2015), cert. denied sub nom. Willaman v. Erie Satellite Office of Bureau of Alcohol, Tobacco, Firearms & Explosives, 136 S. Ct. 907, 193 L. Ed. 2d 792 (2016); Hinton v. Dep't of Justice, 844 F.2d 126, 132 (3d Cir. 1988).

Third, Koch's mandamus petition, which seeks to compel some form of compliance with what Koch deems to be the requirements of FOIA, is particularly inappropriate since Koch himself has not complied with FOIA.  Koch has filed this mandamus action one month after making his initial FOIA requests, prior to any response to those requests, and pursues mandamus relief at a time when he plainly has not exhausted his administrative appeals under FOIA.  This he may not do.  Quite the contrary, " 'exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA,' which 'means that a requester under FOIA must file an

administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response.'" <u>Wilbur v. C.I.A.</u>, 355 F.3d 675, 676 (D.C. Cir. 2004).  Here, Koch has not commenced, or completed, the administrative appeal process required under FOIA as a mandatory prerequisite to filing an action in federal court.  Therefore, he has not complied with the legal requirements of FOIA, and cannot seeks relief under this statute.  <u>Id</u>.

In sum, a writ of mandamus may only issue if the plaintiff has a clear right to relief, the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" <u>Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary</u>, 93 F.3d 103, 112 (3d Cir.1996).  Therefore, inherent in a request for mandamus is "a  showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." <u>Carson v. U.S. Office of Special Counsel,</u> 534 F.Supp.2d 103, 105 (D.D.C.2008).

In this case, these essential legal showings have not been made by Koch, and this complete failure to justify the drastic and extraordinary relief of a writ of mandamus compels dismissal of this action.

### C.   In the Alternative This Case Should Be Dismissed or Transferred Due to Lack of Venue

In this alternative this case fails on venue grounds.  This case is a federal civil action.  In such cases, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Washington, where the underlying criminal case was brought.  Therefore, it appears evident from the plaintiff's complaint that venue over the matters alleged in this complaint lies in the United States District Court for the Western District of Washington.

This Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue.  See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the

14

parties an opportunity to present their views on the issue."); Costlow v. Weeks, 790

F.2d 1486, 1488 (9th Cir. 1986).  In this case we are, through the filing of this Report

and Recommendation placing the plaintiff on notice that this complaint does not

allege facts which would give rise to venue over this action in this Court.

When it appears that claims in a case have been brought in the wrong venue,

there are two potential remedies available to the Court.  First, the Court may dismiss

the action for lack of venue pursuant to 28 U.S.C. §1406, and  Rule 12(b)(3) of the

Federal Rules of Civil Procedure.  However, the Court may also, in the interests of

justice, provide another form of relief, one which ensures that venue is proper without

prejudicing the rights of any plaintiffs.  Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the
> wrong . . . district shall dismiss, *or if it be in the interest of justice,*
> *transfer such case to any district . . . in which it could have been*
> *brought.*

28 U.S.C. § 1406(a)(emphasis added).[1]

---

[1]In addition, we note that, even if venue was somehow appropriate here, it is
clear that the preferred venue for litigation of this particular case, which involves
alleged actions in the Western District of Washington would be the United States
District Court for the Western District of Washington.  In such instances, 28
U.S.C. § 1404(a) also expressly provides that:  "For the convenience of parties and
witnesses, in the interest of justice, a district court may transfer any civil action to
any other district or division where it might have been brought . . . ." 28 U.S.C. §
1404 (a).

In this case, since venue over all of the matters set forth in this complaint appears to lie in the United States District Court for the Western District of Washington the Court could either dismiss this action on venue grounds or order this case transferred to the United States District Court for the Western District of Washington for further proceedings. Such a transfer order avoids any prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. <u>See</u> <u>Burnett v. New York Cent. R. Co.</u>, 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have his case heard on its merits in the proper forum. <u>See</u>, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted). The transfer of this *pro se* complaint to the proper venue, rather than a sanction of dismissal, also seems to be a course approved by the United States Court of Appeals for the Third Circuit when addressing venue-deficient *pro se* complaints. <u>See</u> <u>Fiorani v. Chrysler Grp.</u>, 510 F. App'x 109, 111 (3d Cir. 2013).

### III.  <u>Recommendation</u>

Accordingly, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc 2.), is GRANTED but IT IS RECOMMENDED that this Court should either

16

DISMISS this case, or TRANSFER this case the United States District Court for the

Western District of Washington.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of July 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge